UNITED STATES of America,
Plaintiff-Appellant

v.

Sam Salvatore SARCINELLI and Pamela
Sue Messina, Defendants-Appellees.

No. 80–5241.

United States Court of Appeals,
Fifth Circuit.*

Unit B

Jan. 20, 1982.

Linda Collins-Hertz-Asst. U.S. Atty., Miami, Fla., Carolyn L. Gaines, Washington, D. C., for plaintiff-appellant.

Charles O. Farrar, Jr., Miami, Fla., Bruce E. Wagner, Fort Lauderdale, Fla., for Sarcinelli.

Before TJOFLAT, FAY and VANCE, Circuit Judges.

TJOFLAT, Circuit Judge:

When a party in a criminal case fails to comply with a Fed.R.Crim.P. 16 discovery order, the district court "may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances...." Fed.R.Crim.P. 16(d)(2). The question presented in this narcotics case is whether the district court abused the broad discretion accorded it under this rule, *see United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979), when it suppressed "all physical evidence, all statements made by the defendants [Sam Salvatore Sarcinelli and Pamela Sue Bacon Messina] to any [DEA] agent, informant or any person acting on their behalf, and all electronic recordings or tape recordings previously ordered produced and not produced....", record, vol. II at 422, because the prosecutor failed timely to comply with a magistrate's discovery orders. We view the imposition of this sanction, which will deprive the government of the most probative and incriminating evidence available to it in ·this case, as an abuse of discretion and.therefore reverse the district court.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

The conduct of the prosecutor, an Assistant United States Attorney, in ignoring the court's discovery orders was contumacious by any standard. Sanctions certainly were called for. The first discovery order the prosecutor ignored was the "standing discovery order" of the Southern District of Florida entered by the magistrate at the defendants' arraignment on December 5, 1979. The trial was scheduled for the district court's two-week trial term beginning February 11, 1980, and the magistrate instructed the parties to complete all discovery by December 14.

Twice during the discovery period defense counsel contacted the prosecutor to arrange a discovery conference; on each occasion the prosecutor stated that she was having difficulty contacting the DEA case agent and would be unable to produce the discoverable items until she located him. On December 20, six days after the discovery deadline had passed, the prosecutor again informed counsel that she could not locate the DEA agent, and that she would notify counsel when discovery could be made. On the same day, the defense moved the court for a rule 16(d)(2) order compelling the government to comply with the standing discovery order. On January 15, 1980, the magistrate granted the motion and ordered the government to complete discovery by January 19. The magistrate also scheduled a suppression hearing, which involved some of the items the government was to produce, for January 24. The prosecutor failed to comply with the magistrate's January 15 order, so on January 22 the defense moved the court to dismiss the indictment or to suppress the evidence subject to the magistrate's discovery orders.

When the January 24 hearing convened, defense counsel advised the magistrate that the government still had not complied with the magistrate's January 15 discovery order. Counsel also represented that they had been prejudiced by the prosecutor's conduct and therefore were not prepared to go forward with the hearing on their motions to suppress. They urged the magistrate to recommend that the district court dismiss the indictment. The magistrate asked the prosecutor (an Assistant United States Attorney who was standing in for the prosecutor who had been handling the case) the reason for the government's refusal to comply with the magistrate's previous discovery orders, and she offered no lawful reasons. The magistrate thereupon concluded that the defendants were entitled to relief and recommended that the district court dismiss the indictment or, alternatively, bar the government from using the evidence it failed to produce and the evidence the defendants sought to suppress. Record, vol. I at 248–49. On February 6, 1980, the district court adopted the magistrate's alternative recommendation and entered the order, now before us, suppressing the government's proof.

In our view, the court's February 6 order, if permitted to stand, will have the effect of dismissing this narcotics prosecution against Sarcinelli and Messina. It is true, as the defendants point out, that the government could still proceed to trial; but unless we set aside the district court's rule 16(d)(2) sanction, the effort doubtless would result in an acquittal. The sanction could hardly have been more drastic for the government.

Other, less severe, sanctions could have been imposed in this case. The defense could have been granted a continuance of the January 24 suppression hearing and, if necessary, the trial as well. On this record, the district judge could have cited the prosecutor for civil contempt and put her in jail, if that would have been necessary to coerce her into obeying the magistrate's discovery orders. The court could have called the United States Attorney to task as well; for, after all, he bears the ultimate responsibility for ensuring that his lawyers conduct themselves in conformance with the law. None of these sanctions was considered by the magistrate, however, or by the district court when it summarily adopted the magistrate's alternative recommendation.

█ Implicit in the discretion granted the district court under rule 16(d)(2) is that the district court, in deciding what sanction to impose, consider several factors: "the rea-

sons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." 8 Moore's Fed. Practice ¶ 16.04(3) (2d Ed. 1981). The court must then enter such order as, in the words of rule 16(d)(2), "it deems just under the circumstances." This means that the court should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders.

The magistrate's January 24 recommendation to the district court was not the product of a careful consideration of the factors we have cited that dictate the type of sanction, if any, that should be imposed when a party fails to comply with a rule 16 discovery order. The recommendation does not indicate the extent of the material prejudice, if any, the defendant may have suffered as a result of the prosecutor's failure to discover; it merely recites that the defense counsel were unable to proceed with the suppression hearing until they were given the requisite discovery.[1] The recommendation does not indicate why this problem could not have been solved by postponing the suppression hearing. No explanation was given as to why it was necessary to dismiss the indictment or to tie the hands of the government by suppressing its proof, most of which is tangible, unimpeachable evidence. In short, the magistrate failed to justify the extreme sanctions she recommended to the district court. The same shortcoming is apparent in the district court's order of February 6, which adopted the magistrate's recommendation without elaboration.

The district court's rule 16(d)(2) order suppressing the government's proof is, therefore,

REVERSED.

1. The record discloses that the defense already knew much, if not all, of what the government would be producing: statements made by Messina to government agents and to the grand jury; the cocaine seized from the defendants' motel room and the laboratory reports concerning the drug; and records from the motel and a charter air carrier.