**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Edward CREAMER,
Defendant-Appellant.**

**No. 83–8280
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1983.

Timothy W. Wolfe, Atlanta, Ga. (Court-appointed), for defendant-appellant.

Janis C. Gordon, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

James Edward Creamer was convicted of maliciously damaging and destroying by means of an explosive a building used in interstate commerce, 18 U.S.C.A. § 844(i) and § 2; conspiracy in connection therewith, 18 U.S.C.A. § 371; making a destructive device in violation of 26 U.S.C.A. § 5861(f), and § 18 U.S.C.A. § 2; and possession of a destructive device not regis-tered to him in violation of 26 U.S.C.A. § 5861(d) and 18 U.S.C.A. § 2. On appeal, Creamer claims that (1) his alibi defense was undermined when the court charged the jury that the evidence would be sufficient if it established that the crime occurred on a date reasonably near the date alleged in the indictment; (2) the trial court should not have allowed a previously undisclosed government witness to testify; and (3) the trial court should have granted a mistrial because of improper testimony by a government witness. We affirm.

First, defendant contends that his alibi defense was undermined by the charge that "(t)he proof need not establish with certainty the date of the alleged offense. It is sufficient if the evidence ... establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged." The indictment charged that the three non-conspiracy crimes were committed "on or about" August 3 and 4. As an alibi defense, defendant produced witnesses who testified as to his whereabouts on August 3 and 4, 1982.

There appears to be no error in the instruction. The Fifth Circuit has recently dealt with a similar contention in *United States v. King,* 703 F.2d 119, 123–4 (5th Cir.1983). Based upon analogy with *United States v. Arteaga-Limones,* 529 F.2d 1183, 1193 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976), a prior Fifth Circuit case which is binding upon this Court under *Bonner v. Pritchard,* 661 F.2d 1206 (11th Cir.1981), the Fifth Circuit rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced. We adopt the reasoning set forth in *King. See also United States v. Lucero,* 601 F.2d 1147 (10th Cir.1979) (alibi defense not compromised by instruction almost identical to case at bar); *United States v. Goodrich,* 493 F.2d 390 (9th Cir.1974) (similar instruction to case at bar harmless error, if error at all).

Applying the *King* analysis to this case, defendant's contention must fail. The Starcastle Nightclub was bombed on Au-

gust 4. The charge detailed the proof necessary to establish the bombing and the manufacture and possession of a destructive device, the offenses to which the alibi evidence applied. August 3 and 4 were the only dates mentioned at trial in relation to the offenses. The indictment's "on or about" language was sufficient to put the defendant on notice that the charge was not limited to the two specific dates. Viewing the record and the jury instructions as a whole, it is clear the case was fairly presented to the jury, and that the defendant was not prejudiced by the instruction.

The second claim concerns the testimony of a government witness whose identity was not disclosed to the defendant in advance. Fed.R.Crim.P. 12.1 permits the government to obtain the names of alibi witnesses, but then requires the government to give the names of proposed rebuttal witnesses to the defendant. The trial court may exclude the testimony of any witness not disclosed. An exception may be granted by the court "for good cause shown." Fed.R.Crim.P. 12.1(e). The exception falls within the discretionary power of the court. We have previously identified five factors which the district court should consider:

(1) the amount of prejudice that resulted from the failure to disclose,

(2) the reason for nondisclosure,

(3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events,

(4) the weight of the properly admitted evidence supporting the defendant's guilt, and

(5) other relevant factors arising out of the circumstances of the case.

*United States v. Myers*, 550 F.2d 1036 (5th Cir.1977), *cert. denied*, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). Under the abuse of discretion standard of review, there is no error in this case. Although provided within the time required under the rule, the identities of the alibi witnesses were not revealed to the government until the first day of trial, Monday, March 7, 1983. Two days later, the government provided defendant with a list of four possible rebuttal witnesses. The challenged witness, Mr. Whitson, was not discovered by the government until the following day, March 10, 1983. On March 11, however the defendant informed the government that he no longer intended to call Mr. Rapp, the listed alibi witness whose testimony Mr. Whitson's testimony would rebut. The government did not disclose Mr. Whitson's identity because it appeared there would be no need to call him. One of defendant's alibi witnesses identified Mr. Rapp as being with the Creamers on certain dates, however. The government realized that Mr. Whitson's rebuttal testimony concerning Mr. Rapp would be needed after all. Mr. Whitson testified on March 12.

■ In contrast to the *Myers* case, it is evident that the factors here weigh in the government's favor. While the failure to disclose the witness prejudiced Creamer's case since his only evidence was that of his alibi witnesses, Creamer's attorney was nevertheless able to effectively cross-examine the probation officer, who was vague as to the actual time he saw Rapp. Creamer's witnesses also refuted the testimony that Rapp was with the probation officer in the morning. As for the second *Myers* factor, the government's reason for non-disclosure appears to be based on the fact that Creamer waited thirteen days to disclose his witnesses, so that the government learned of Rapp's alibi testimony just prior to trial and of the probation officer just prior to the defendant's case. The Government has stated that it did not plan to use the probation officer after learning that Rapp would not testify, and only decided to call him when Rapp was mentioned in the testimony of the defense witnesses. Though the government should have disclosed the witness's existence even though it thought Rapp would not testify, the failure to do so was poor judgment rather than an attempt to circumvent the rule. The evidence against Creamer was overwhelming. We cannot hold that allowing the witness to testify was an abuse of the trial court's discretion.

Defendant contends that the district court should have granted a mistrial when a treasury agent identified Creamer as the

man he had seen running toward an apartment which he was observing, and further testified that he "had called for assistance, since there were two of us when Mr. Creamer went into the apartment ... we thought maybe we had a dangerous situation." At this point, the court intervened on its own motion to disallow any further testimony unless a foundation could be laid. The government decided to dismiss the witness, and defense counsel moved for a mistrial. The court gave the following cautionary instruction before denying the motion:

> Ladies and gentlemen of the jury, I felt that what Ms. Caplan was about to go into was irrelevant to the trial of this case, and after discussing it with her out of your presence, I have ascertained that it is in fact irrelevant to the trial of this case, and I admonish her in your presence for getting sidetracked and getting into something that has no bearing on this case.
>
> The important thing, however, is not that.
>
> The last witness probably left you with an impression that he was conducting a surveillance and I believe he testified he thought it was a dangerous situation.
>
> Let me point out to you here and now that there is no evidence before you that the surveillance involved Mr. Creamer, or that he apprehended that it was a dangerous situation on account of Mr. Creamer's being involved.
>
> To say it another way, you are to draw no inferences against Mr. Creamer to suggest that there was any danger in that situation on account of his presence there.
>
> Is that clear to you all?

A prejudicial remark may be rendered harmless by curative instructions to the jury, *see e.g. United States v. Nickerson,* 669 F.2d 1016, 1020 (5th Cir. Unit B 1982); *United States v. Lichenstein,* 610 F.2d 1272, 1281–82 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). To warrant a new trial, improper prosecutorial comment or questioning "must be so pronounced and persistent that it permeates the entire atmosphere of the trial," *United States v. Blevins,* 555 F.2d 1236, 1240 (5th Cir.1977), *cert. denied,* 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 761 (1978). The Eleventh Circuit has held that prosecutorial misconduct "can be considered harmless error when the district court has given an immediate curative instruction, and the evidence of the defendant's guilt is overwhelming." *United States v. Butera,* 677 F.2d 1376, 1383 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). *See United States v. Klein,* 546 F.2d 1259, 1263 (5th Cir.1977) ("[o]nly in cases where the remark is so highly prejudicial as to be incurable by the trial court's admonition is the instruction considered insufficient."). Although the prosecutor acted improperly in the instant case, it was an isolated instance which was cured by the strong, prompt cautionary instruction issued by the district judge, and by the relatively strong evidence of guilt. The five-day trial was not tainted to the degree requiring the grant of a new trial.

AFFIRMED.