**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**George BURKHALTER,
Defendant-Appellee.**

**No. 83–7503
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 10, 1984.

Michael V. Rasmussen, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellant.

L. Drew Redden, Birmingham, Ala., Albert Shumaker, Center, Ala., for defendant-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

On May 9, 1983, George Burkhalter was indicted on one count of conspiracy to commit extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, and on four counts of committing extortion in violation of the Act. On June 3, 1983, Burkhalter filed a motion for a Bill of Particulars requesting the names of any "unindicted coconspirators whose names [are] known to the United States." The United States filed a response to the motion naming one unindicted coconspirator, Scott Walls. After the district judge granted a motion for a continuance, trial was set for September 8, 1983.

On September 5, 1983, Thomas G. Taylor, a state investigator who had been assisting the United States in the investigation relating to Burkhalter, interviewed Bill Smith and learned that Smith had been involved with Burkhalter in violating the Hobbs Act. On September 7, 1983, Taylor interviewed Mike Bishop and learned that he was similarly involved in the conspiracy. At a hearing held in the district court, Taylor testified that he had previously known of the existence of Smith and Bishop, and had talked to them about other matters, but that this was the first time he had interviewed them with respect to Burkhalter and the first time it had become apparent that they were coconspirators. Taylor reported his findings to the prosecutor on the evening of September 7, 1983.

On the morning of September 8, 1983, before trial was to commence, the prosecutor notified the court and the parties that he intended to use Smith and Bishop as witnesses and considered them to be coconspirators. Burkhalter claimed "surprise" and objected in advance to their being allowed to testify. The district judge ordered the United States to either (1) use

Smith and Bishop as witnesses and not argue to the jury that they were coconspirators, or (2) not use them as witnesses and to be allowed to contend that they were coconspirators. The United States refused to make this election, and the district judge suppressed the proposed testimony of Smith and Bishop. The United States appeals to this court under 18 U.S.C. § 3731.

■ In reviewing cases dealing with discovery violations under Rules 12.1 and 16 of the Federal Rules of Criminal Procedure, this court applies the abuse of discretion standard. *See United States v. Creamer,* 721 F.2d 342 (11th Cir.1983); *United States v. Sarcinelli,* 667 F.2d 5 (5th Cir. Unit B 1982); *United States v. Myers,* 550 F.2d 1036 (5th Cir.1977), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). Both parties agree that the same standard of review applies in this case. In reviewing cases arising under Criminal Rule 12.1, we have identified five factors that the district court should consider:

(1) the amount of prejudice that resulted from the failure to disclose,

(2) the reason for nondisclosure,

(3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events,

(4) the weight of the properly admitted evidence supporting the defendant's guilt, and

(5) other relevant factors arising out of the circumstances of the case.

*Creamer,* 721 F.2d at 344. In this case, because the trial has not yet occurred, all five factors of the test set forth in *Creamer* do not apply; and, of course, this is not a Rule 12.1 case. Nevertheless, we perceive that *Creamer* suggests the relevant subjects for inquiry in this case to be the reasons for the government's failure to disclose the names earlier, the possible remedies available to alleviate any prejudice or surprise to the defendant, and the amount of prejudice or surprise. Given the factual situation in this case, we conclude that the district judge abused his discretion in forcing the government to elect whether to introduce the testimony of Smith and Bish-

op or to argue to the jury that they were coconspirators.

A review of the transcript of the hearing conducted in the district court reveals that the prosecuting attorney learned of the existence of Smith and Bishop as possible witnesses on the night before the trial was scheduled to proceed. The transcript also indicates that the government's failure to learn of the role played by Smith and Bishop was caused by the failure of the investigator to contact them until several days before trial. Although the district judge concluded that the investigative agents were guilty of neglect in failing to contact Smith and Bishop, it is clear that the government did not intentionally withhold from Burkhalter the identity of Smith and Bishop and their possible use as government witnesses. Furthermore, it is clear that any prejudice that might have been suffered by Burkhalter in this case could have been alleviated simply by granting his attorney several days in which to interview Smith and Bishop and to investigate any information that he might obtain. The government suggests that the district judge could have directed that Smith and Bishop be called as the final witnesses for the government's case.

We find a comparison of this case to *United States v. Sarcinelli* to be illuminating. In that case, the district judge excluded certain evidence as a sanction for the government's violation of discovery orders. We held that the exclusion was an abuse of discretion because another, "less severe" sanction could have been imposed; "[t]he defense could have been granted a continuance [or] the district judge could have cited the prosecutor for civil contempt and put her in jail ...." 667 F.2d at 6. Here, there was obviously no reason for a contempt charge; but, as was the case in *Sarcinelli,* a continuance would have alleviated any prejudice to the defendant. Although the exclusion order in this case did not have "the effect of dismissing" the prosecution as it did in *Sarcinelli,* this is also not a case in which the government failed promptly to comply with the court's

orders, as was *Sarcinelli. See also United States v. Myers,* 550 F.2d 1036 (government knew of witnesses for a substantial time before trial and failed to disclose their existence).

Given these circumstances, we find that an order excluding evidence constitutes an abuse of discretion. It is the function of the court to hear all relevant evidence in an attempt to reach a truthful and reliable verdict. In some cases, the need to deter prosecutorial misconduct, coupled with prejudice to the defendant (and, perhaps, other factors), justifies the exclusion of evidence. This is not such a case. Indeed, given the substantial delay caused by the filing and briefing of this appeal, any prejudice to the defendant has been alleviated. On remand, the district court should simply proceed to trial.

REVERSED and REMANDED.