803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
ALFRED KENAN, Defendant-Appellant.
 No. 85-1165.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1986.
 
 BEFORE: JONES and NELSON, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant-appellant Alfred Kenan appeals his conviction for possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1)(1982). Kenan contends that the district court's jury instructions regarding intent were defective, and that certain physical evidence which the prosecution had failed to disclose to Kenan prior to trial was improperly admitted against him to his prejudice. We find that the district court's charge to the jury was adequate, and that the district court did not abuse its discretion in admitting the undisclosed evidence. Accordingly, we affirm.
 
 
 2
 An FBI investigation of the Med-Care Clinic ("Clinic") in Detroit, Michigan revealed that the Clinic medical staff was routinely writing prescriptions for controlled substances without medical justification and selling them to Clinic customers. Kenan was arrested for interfering with the execution of a search warrant conducted by the FBI at the Clinic on April 21, 1982. A search of his automobile uncovered large quantities of controlled substances and other items, leading to Kenan's subsequent indictment for violating section 841(a)(1). A jury found Kenan guilty of seven counts of possession of controlled substances with intent to distribute, and a judgment of conviction was entered against him. This appeal ensued.
 
 
 3
 Kenan's first contention on appeal is that the district court's instructions to the jury on intent were defective in two ways. He argues that the court erred in not giving a separate instruction, as requested by him, defining the term "specific intent." Alternatively, Kenan contends that the instructions on intent which were given by the district court were so confusing that a new trial is now required. See United States v. Clark, 475 F.2d 240, 248-51 (2d Cir. 1973). Kenan specifically suggests that confusion resulted from the district court's isolated use of the term "willfully" in an instruction which informed the jury that "[a]n action is done willfully, if done voluntarily and with the intent to do something the law forbides [sic], that is to say, with a bad purpose either to disobey or disregard the law." He argues that the jurors likely did not associate this "willfully" instruction with the requirement that Kenan must have had an "intent to distribute" in order to be found guilty under section 841(a)(1).
 
 
 4
 Initially, we note that for Kenan to challenge the jury instructions on appeal, he must have preserved the issue by having objected to the instructions in the district court, stating distinctly "the matter to which he object[ed] and the grounds of his objection." Fed. R. Crim. P. 30. Absent this, we will reverse the conviction only if the instructions constituted "plain error," United States v. Hook, 781 F.2d 1166, 1172-73 (6th Cir. 1986); Fed. R. Crim. P. 52(b), by being "so clearly erroneous as to likely produce a grave miscarriage of justice." United States v. Piccolo, 723 F.2d 1234, 1241 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984). Our review of the record discloses, however, that Kenan only generally objected to the district court's refusal to adopt all of his suggested jury instructions in a manner insufficient to satisfy Rule 30. See, e.g., United States v. Bey, 667 F.2d 7, 10 (5th Cir. 1982); see also United States v. Jackson, 569 F.2d 1003, 1008-09 (7th Cir.), cert. denied, 437 U.S. 907 (1978). Since neither the district court's refusal to give a "specific intent" instruction nor the jury charge rendered by the court constituted plain error, Kenan's failure to properly object to the instructions affords an independent basis for finding the district court's charge to be adequate.
 
 
 5
 Moreover, even assuming that Kenan properly preserved the issue for appeal,[1] his claim of defects in the jury instructions still fails. First, Kenan's suggestion that section 841(a)(1) requires a separate "specific intent" jury instruction is contrary to this court's pronouncement that no instruction on the term "specific intent" is necessary to properly inform a jury of the requisite intent for a criminal conviction. See United States v. S & Vee Cartage Co., Inc., 704 F.2d 914, 919 (6th Cir.) ("A court may properly instruct the jury about the necessary mens rea without resorting to the words 'specific intent' or 'general intent."'), cert. denied, 464 U.S. 935 (1983).
 
 
 6
 Regarding Kenan's suggestion that the district court's "willfully" instruction created confusion in the jurors' minds, we note the "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." United States v. Park, 421 U.S. 658, 674 (1975) (quoting Cupp v. Naughten, 414 US. 141, 146-47 (1973)); see also United States v. Pope, 561 F.2d 663, 670 (6th Cir. 1977). Viewed in context, the district court's "willfully" instruction was insufficient to create juror confusion. The district court correctly charged the jury in the elements of a section 841(a)(1) violation, specifically informed the jury that before Kenan could be convicted the government must prove beyond a reasonable doubt that he possessed the controlled substance "with the intent to distribute," and further instructed the jury on intent and intentional acts several times. In addition, the district court charged the jury on the lesser included offense of mere possession of a controlled substance which does not require an "intent to distribute." The juxtaposition of these two offenses further highlighted that section 841(a)(1) requires an "intent to distribute" for conviction.[2] Accordingly, we hold that the district court's jury instructions produced no reversible error.
 
 
 7
 Kenan's second contention on appeal is that the district court erred to his prejudice in admitting physical evidence against him which had not been disclosed to Kenan until the second day of trial. The undisclosed evidence, consisting of sixty-nine undated prescriptions seized from Kenan's automobile and ten prescription pads removed from a Clinic doctor's brief case, was admitted over Kenan's objection by the district court following a hearing. Kenan contends that this decision by the district court violated Rule 16 of the Federal Rules of Criminal Procedure and his constitutional right to a fair trial. We disagree.
 
 
 8
 Rule 16 prescribes, among other things, that the government disclose to a criminal defendant, upon request, prior to trial, any physical evidence which it intends to admit against him at trial. Fed. R. Crim. P. 16(a)(1)(C). Nevertheless, a district court retains broad discretion in determining whether to admit undisclosed evidence. United States v. Hartley, 678 F.2d 961, 977 (11th Cir. 1982), cert. denied, 459 U.S. 935 (1983); Fed. R. Crim. P. 16(d)(2) & advisory committee note (1966 amendment) subdivision (g) (incorporated into Rule 16(d)(2) by 1974 amendments). In exercising its discretion to remedy a violation of Rule 16, the district court should consider several factors: the reasons for nondisclosure, the extent of prejudice to the defendant, the possibility of ameliorating any such prejudice by a continuance, and any other relevant circumstances. United States v. Sarcinelli, 667 F.2d 5, 6-7 (5th Cir. 1982). In addition, any finding of fact made by the district court in the course of its Rule 16(d)(2) determination will not be set aside on review unless it is "clearly erroneous." Anderson v. City of Bessemer City, North Carolina, 105 S. Ct. 1504, 1511-12 (1985). Applying these principles, we fail to find that the district court made any clearly erroneous findings or abused its discretion in admitting the undisclosed evidence.
 
 
 9
 The district court, although aware that the government had possessed the evidence prior to trial, found that the prosecution's nondisclosure was excusable because the sixty-nine prescriptions had been in the possession of another government attorney as part of an ongoing criminal investigation, and the ten prescription pads had been misplaced by the FBI. Most importantly, however, the court found that the prosecution had not deliberately withheld the evidence to gain an advantage at trial, a finding which Kenan apparently does not contest. Under these circumstances, we conclude that the district court did not err in finding that the prosecution had not acted in bad faith, and that the reasons for nondisclosure were acceptable.[3]
 
 
 10
 We also find no error in the district court's conclusion that any possible prejudice to Kenan from admission of the undisclosed evidence was diminished because substantially similar evidence had already been admitted into evidence and because the evidence would not be admitted until one week after it had been disclosed to Kenan. Kenan's suggestion that he had the "right to rely" on his belief that the government's case was set prior to trial is contradicted by the express terms of Rule 16(d)(2), which does not require the district court to exclude undisclosed evidence, but gives the district court broad discretion in remedying a failure to comply with discovery. Kenan's claim that his counsel may have advised him not to tesify if the undisclosed evidence had been properly made known to him is meritless. The evidence was made available to Kenan before the prosecution rested its case in ample time for Kenan's attorney to consider whether his client should take the stand. Finally, Kenan's contention that he "obviously would have reconsidered conceding the crime of possession in his opening statement" if discovery had been properly conducted is belied by the district court's finding that the undisclosed evidence was substantially similar to evidence Kenan knew would be introduced against him before he conceded possession of the controlled substance. Accordingly, we find that the district court properly considered the reasons for nondisclosure as well as the extent of prejudice to Kenan, and we hold that the district court did not abuse its discretion in admitting the undisclosed evidence.[4]
 
 
 11
 In light of the foregoing, the district court judgment is AFFIRMED.
 
 
 
 [1]
 Because neither party briefed Kenan's failure to properly object to the jury instructions before the district court and the matter was not raised at oral argument, we eschew exclusive reliance on this procedural defect as the basis for our holding and consider the merits of Kenan's claim
 
 
 [2]
 Another circumstance peculiar to this case supports our conclusion that the "willfully" instruction did not cause confusion in the jurors' minds. In his opening statement, Kenan conceded possession and specifically told the jury that the only issue was "whether Mr. Kenan intended to distribute these substances." The trial was predominantly concerned with Kenan's intent. The attention of the jury being so narrowly focused, it is unlikely that one statement in an otherwise unobjectionable jury instruction would result in confusion in the jurors' minds
 
 
 [3]
 In addition, even if the government was negligent in not disclosing the evidence to Kenan prior to trial, this alone would not require exclusion of the evidence under Rule 16 because, as discussed below, the district court properly concluded that the prejudicial effect of the evidence was minimal
 
 
 [4]
 In light of our conclusion that the district court complied with Fed. R. Crim. P. 16, we hold that Kenan's constitutional challenge to his conviction is without merit