United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51086
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HEATHER GARCIA-MACIAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-16-ALL
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Heather Garcia-Macias appeals her conviction, after a jury trial, of attempting to bring an illegal alien into the United States in violation of 8 U.S.C. § 1324. During the trial, Garcia-Macias argued that she was under duress when she attempted to smuggle the illegal alien into the United States because the illegal alien had verbally threatened her and physically injured her by grabbing her arm. The district court excluded pictures of a bruise on Garcia-Macias's arm from the evidence because the pictures were not disclosed to the Government within the time

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limit set by the district court's standing discovery order. Garcia-Macias challenges that ruling on appeal.

This court reviews "alleged discovery errors for abuse of discretion and will order a new trial only where a defendant demonstrates prejudice to [her] substantial rights." See United States v. Doucette, 979 F.2d 1042, 1044-45 (5th Cir. 1992); States v. Sarcinelli, 667 F.2d 5, 6-7 (5th Cir. 1982). Even if the district court abused its discretion in excluding the evidence, Garcia-Macias has not shown that the error affected her substantial rights. Garcia-Macias has not demonstrated that, if the pictures were introduced, the jury would have chosen to believe her testimony that she committed the § 1324 violation under duress and to disbelieve the testimony of the three border patrol agents whose testimony controverted her defense of duress. Accordingly, the district court's judgment is AFFIRMED.