[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11276
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00110-JRH-WLB-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MARCELLUS JOHNSON,
a.k.a. Antonio Doggett,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 9, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Johnson appeals his convictions for multiple counts of drug and firearm offenses. Johnson argues that the district court erred in denying his motion to sever one of the felon-in-possession counts from the indictment. He further argues that certain statements used against him were obtained in violation of his Sixth Amendment right to counsel, that coconspirator statements were improperly admitted, and that certain disclosures by the government were untimely. Last, Johnson contends that his convictions are not supported by sufficient evidence. After review of the record and briefs, we find no reversible error.

I.

On May 7, 2009, Johnson, along with coconspirator Alecia Kent, was charged in a five-count superseding indictment. Three counts arose out of events that occurred on July 26, 2008: Count One, alleging possession with intent to distribute five or more grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); Count Two, alleging possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Count Four, alleging possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Count Three and Count Five also charged Johnson with possession of a firearm by a convicted felon for incidents occurring

on or about September 19, 2008 and September 18, 2007, respectively.

Prior to trial, Johnson moved to sever Counts Three and Five from the rest of the indictment. The parties argued this issue before a magistrate judge, and Johnson's motion to sever was denied. This ruling was not appealed to the district court.

Johnson also moved to exclude certain evidence related to recorded phone conversations between Tahmera Johnson (Tahmera), a government witness, and Kent. Tahmera was a witness to the events of September 18, 2007 that formed the basis of Count Five. The government alleged that Johnson, Kent, and Johnson's mother Andrena conspired to influence Tahmera's testimony and sought to use recorded conversations to establish the conspiracy. The district court denied Johnson's motion to exclude over his objection that the recordings violated his Sixth Amendment right to counsel. The district court further found that a conspiracy existed between Johnson, Kent, and Andrena to influence the testimony of Tahmera and that the statements made were during and in furtherance of the conspiracy.

At trial, Investigator Shannon Ryals and Tahmera testified to the events of September 18, 2007. Investigator Ryals witnessed Johnson remove something from his pants and drop it into Tahmera's car. Upon approaching the car,

Investigator Ryals saw a handgun on the passenger-side floorboard. Tahmera testified that she was in the driver's seat of that car and that Johnson dropped the gun into her car when he saw Investigator Ryals. Tahmera also testified that she was contacted by Kent and Andrena, each of whom wanted to talk about her trial testimony.

Next, multiple witnesses testified to the events of July 26, 2008. Deputy Robert Bryant, Jr., a member of the Richmond County Sheriff's Department (RCSD), testified that he was working with the traffic division that night and performed a traffic stop on a car that Johnson was driving. After both a vehicle and a foot chase, Deputy Bryant apprehended Johnson. Deputy Bryant discovered that the car was a rental, and two other deputies searched the vehicle and discovered a firearm and a large amount of crack cocaine. Another deputy later testified that he found almost $2000 on Johnson's person at the time of the arrest. A Special Agent with the Drug Enforcement Administration testified that the crack cocaine found—totaling twenty-three grams—was an amount appropriate for distribution, given its large size and packaging.

Investigator Jason Kennedy of the RCSD's narcotics division testified to events taking place on September 19, 2008. Investigator Kennedy pulled over a car with two people inside. Johnson was driving the car, but it was registered to

Kent. Investigator Kennedy took Johnson into custody after learning that he was driving with a suspended license and had an outstanding arrest warrant. Investigator Kennedy searched the car and found two firearms: one under the passenger-side seat and one in the console between the passenger's and driver's seats.

Johnson moved for judgment of acquittal at the end of the government's case. The district court denied the motion, and the defense proceeded to present testimony. After the defense rested, Johnson did not renew his motion for acquittal. The jury then deliberated and found Johnson guilty on all five counts. The district court denied Johnson's post-verdict motion for a new trial. Johnson received a total sentence of 220 months, and this appeal followed.

II.

Johnson first contends that the district court improperly denied his motion to sever Count Five from the rest of the indictment. Although he moved for severance before the magistrate judge, Johnson failed to object to the magistrate's order denying severance.

We typically review the denial of a motion to sever for abuse of discretion. *United States v. Kennard*, 472 F.3d 851, 859 (11th Cir. 2006). However, where a magistrate judge rules on the issue rather than a district judge, Federal Rule of

Criminal Procedure 59 governs. Rule 59 requires that a defendant file objections to the magistrate's order within fourteen days of being served a copy of that order. "Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a).

Here, the magistrate judge entered an order denying Johnson's motion to sever on July 23, 2009. The record does not indicate that Johnson ever objected to this denial before the district court. We are therefore without jurisdiction to decide this issue, and we dismiss this portion of Johnson's appeal. *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (per curiam).

### III.

Johnson next challenges various evidentiary rulings made by the district court. Specifically, he claims that (1) incriminating statements were improperly admitted because they were taken in violation of his Sixth Amendment right to counsel, (2) some of Kent's statements were erroneously admitted as nonhearsay statements of a coconspirator, and (3) the government's disclosure of recorded conversations was untimely and should not have been admitted.

In general, we review the district court's evidentiary rulings for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). A district court abuses its discretion where its "decision rests upon a clearly

6

erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005) (citation omitted). Evidentiary rulings are subject to harmless-error analysis, meaning we will not reverse the district court unless there is a reasonable likelihood that the error affected the defendant's substantial rights. *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990). "[W]here an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." *Id.* (citation omitted).

We review the district court's admission of a statement by a coconspirator under Federal Rule of Evidence 801(d)(2)(E) for abuse of discretion. *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003) (per curiam). The factual findings underlying the district court's admissibility decision are reviewed for clear error. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 556 (11th Cir. 1998).

We review claims of discovery violations under Federal Rule of Criminal Procedure 16 for an abuse of discretion. *United States v. Burkhalter*, 735 F.2d 1327, 1329 (11th Cir. 1984) (per curiam). We will not vacate a conviction based on a discovery violation unless the appellant can show that the discovery violation prejudiced his substantial rights. *United States v. Bueno-Sierra*, 99 F.3d 375, 380

(11th Cir. 1996) (per curiam). "Substantial prejudice results if a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense." *Id.* (citation omitted).

## A.

First, Johnson argues that the government, through Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, and Firearms, used Tahmera to elicit incriminating statements from him in violation of his Sixth Amendment right to counsel. "The Sixth Amendment prohibits admission of statements deliberately elicited by the government from the defendant after adversary criminal proceedings have begun, unless the defendant's counsel is present or the defendant waives his right to counsel." *United States v. Gunn*, 369 F.3d 1229, 1237 (11th Cir. 2004) (per curiam) (citing *Massiah v. United States*, 377 U.S. 201, 206–07, 84 S. Ct. 1199, 1203 (1964)). This right to counsel is specific to the particular offense charged. *Texas v. Cobb*, 532 U.S. 162, 167–68, 121 S. Ct. 1335, 1340 (2001). "[W]hen the Sixth Amendment right to counsel attaches, it does encompass offenses that, even if not formally charged, would be considered the same offense under the *Blockburger* test." *Id.* at 173, 121 S. Ct. at 1343. Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are

8

two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932) (citation omitted).

To establish a Sixth Amendment violation, Johnson must show that (1) Tahmera acted as a government agent and (2) she deliberately elicited incriminating statements from Johnson. *See Lightbourne v. Dugger*, 829 F.2d 1012, 1020 (11th Cir. 1987) (per curiam). This standard requires a defendant to demonstrate that the government agent "took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." *Kuhlmann v. Wilson*, 477 U.S. 436, 459, 106 S. Ct. 2616, 2630 (1986). The Sixth Amendment is not violated when "by luck or happenstance" the government acquires incriminating statements from the accused after the right to counsel has attached. *Id.*

In this case, we need not explore whether Tahmera was an agent who deliberately elicited statements from Johnson because it is clear that the incriminating statements he provided related to witness tampering—crimes investigated but never charged—rather than any of the five counts in the superseding indictment. Moreover, establishing witness tampering requires proof of vastly different facts than necessary to establish any of the offenses charged in

9

the superseding indictment. Consequently, witness tampering is not the same offense for purposes of the Sixth Amendment right to counsel. *See Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182. The incriminating statements therefore do not fall within the protection of Johnson's right to counsel, and the district court correctly admitted them.

B.

Johnson next argues that the district court erred in admitting some of Kent's statements under Federal Rule of Evidence 801(d)(2)(E), which excludes from hearsay "a statement by a coconspirator . . . during the course and in furtherance of the conspiracy." As a prerequisite to admission of a coconspirator's statement, the government must prove by a preponderance of the evidence that "(1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." *Hanser*, 340 F.3d at 1274.

The government alleged that a conspiracy existed between Johnson, Kent, and Andrena with the purpose of influencing Tahmera's testimony. The district court properly considered evidence of (1) Tahmera's statements to Special Agent Rhodes that Kent and Andrena had visited her to inquire about her trial testimony; (2) the recorded phone conversations between Tahmera, Johnson, and Kent; and

10

(3) the jailhouse recordings of phone conversations between Johnson and Kent. Upon review of this evidence, we cannot say that the district court clearly erred in finding that a conspiracy existed between the three individuals for the purpose of influencing Tahmera's testimony.

C.

Johnson next argues that the government's late production of certain jailhouse recordings should have rendered the evidence obtained from them inadmissible. Federal Rule of Criminal Procedure 16 requires that the government, upon the defendant's request, produce any relevant written or recorded statement by the defendant that the government has in its possession. Rule 16(c) requires "[a] party who discovers additional evidence or material before or during trial" to "promptly disclose its existence to the other party or the court if . . . the evidence or material is subject to discovery or inspection under [Rule 16]."

Although the government produced the tapes on the morning of jury selection, the recordings were turned over to the defense on the business day following the government's acquisition of them. Special Agent Rhodes began investigating the allegations of witness tampering on September 1, 2009, after Tahmera informed him that Kent contacted her (presumably for the purpose of

influencing her testimony). Special Agent Rhodes acquired the tapes on Friday, September 11, 2009. The following Monday, September 14, the government turned the tapes over to the defense team. This prompt disclosure complied with Rule 16.

Although that Monday was the first day of jury selection for trial, there is no indication that this timing unduly surprised the defense or rendered it incapable of defending against the allegations of witness tampering. Johnson has not offered explained how disclosure on the morning of jury selection prejudiced his substantial rights. As a result, we find no reversible error.

IV.

Finally, Johnson contends that the government presented insufficient evidence of his knowing possession of the firearms and drugs charged in the case. We typically review *de novo* whether sufficient evidence supported the jury's guilty verdict. *United States v. Klopf*, 423 F.3d 1228, 1236 (11th Cir. 2005). However, if a defendant fails to renew a motion for judgment of acquittal at the close of all the evidence, then we will reverse a conviction only to prevent a "manifest miscarriage of justice." *United States v. Edwards*, 526 F.3d 747, 755–56 (11th Cir. 2008). This standard is met when "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* at

756 (citation omitted).

We consider all of the evidence produced at trial against the defendant in evaluating a claim that the evidence was insufficient to convict. *United States v. Thomas*, 8 F.3d 1552, 1558 n.12 (11th Cir. 1993). In reviewing witness testimony, "[t]he jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) (citation omitted). Statements made by a defendant, if disbelieved by the jury, may be considered as substantive evidence of guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Specifically, "when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *Id.* (quotation omitted).

A.

Johnson was convicted of one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), related to the July 26, 2008 events. To establish such a violation, the government must use direct or circumstantial evidence to prove the defendant's knowledge, possession, and intent to distribute the substance. *United States v. Poole*, 878 F.2d 1389, 1391–92 (11th Cir. 1989) (per curiam). Knowledge can be proven through evidence of surrounding circumstances. *Id.* "Constructive possession is sufficient for the

possession element, and can be established by showing ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." *Id.* (citation omitted). Intent can be proven circumstantially by quantity of drugs and other related implements. *Id.*

Here, sufficient evidence existed to support conviction on this count. Crack cocaine was found along with Johnson's identification underneath the driver's seat of a car that Johnson was driving. An officer testified that Johnson was the sole occupant of the car. The quantity of crack cocaine, along with Johnson's possession of a large amount of cash, support the jury's finding of knowing possession and intent to distribute the drugs. The evidence here is not so tenuous as to require that we reverse Johnson's conviction on this count. *See Edwards*, 526 F.3d at 756.

### B.

Johnson also challenges his convictions for the July 26, 2008 events for possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1), and for possession of a firearm while a convicted felon, 18 U.S.C. § 922(g)(1). Johnson challenges only the possession elements of these offenses.

Possession can be actual or constructive, and the government can prove possession through direct or circumstantial evidence. *United States v. Wright*, 392

14

F.3d 1269, 1273 (11th Cir. 2004). Constructive possession exists when a defendant has knowledge of the item possessed coupled with the ability to exert control over it or over the premises or the vehicle in which the contraband was concealed. *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996).

As stated above, the evidence regarding the July 26 events showed that Johnson was driving the vehicle in which the gun was found, that he was the only person in the car, and that the gun was found under the driver's seat in a readily accessible location. Additionally, Johnson fled upon the vehicle being pulled over, evidencing consciousness of guilt. The jury was entitled to disbelieve Johnson's testimony that he was unaware of the presence of the gun. This evidence and record testimony establishing constructive possession was sufficient to support the jury's verdict of guilty on these counts.

C.

Johnson argues that the two remaining felon-in-possession counts (Count Three and Count Five) are not supported by the evidence. Again, he challenges the possession element of these charges. As noted above, firearm possession can be shown by constructive possession, so long as the juror could reasonably infer that the defendant maintained dominion and control over the weapon. *Derose*, 74 F.3d at 1185.

Regarding Count Five, the testimony at trial demonstrates that Johnson knowingly possessed the gun in question.  Investigator Ryals witnessed Johnson drop something into Tahmera's car and saw a gun in the car.  Tahmera testified that Johnson dropped the gun into her car.  Moreover, the jury could interpret the allegations that Johnson sought to influence Tahmera's testimony as consciousness of guilt.  Given this evidence, we find no manifest miscarriage of justice in the jury's verdict.

Nor do we find that insufficient evidence supports Count Three.  The evidence at trial showed that there was a gun under the passenger seat of a car Johnson was driving on September 19, 2008.  Even though there was a passenger in the car, the jury was free to choose among reasonable constructions of the evidence and conclude it belonged to Johnson.  *See United States v. Rudisill*, 187 F.3d 1260, 1267 (11th Cir. 1999).  Moreover, even though the firearm was registered to Andrena, the testimony regarding straw purchases leads to the reasonable inference that Andrena purchased the gun on behalf of Johnson.  In addition, the jury was entitled to believe the opposite of Johnson's testimony that he did not know there was a gun in the car at the time.  *See Brown*, 53 F.3d at 314.  Sufficient evidence therefore exists to support the jury verdict on Count Three.

V.

We conclude that we are without jurisdiction to hear Johnson's appeal from the denial of his motion to sever. We find that the district court did not abuse its discretion in any of its evidentiary rulings and that Johnson's convictions on all counts are supported by the evidence.

**DISMISSED IN PART, AFFIRMED IN PART.**