[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2012
JOHN LEY
CLERK

No. 10-15450
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00264-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTIS ALEX JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Otis Jones appeals his convictions for bank robbery and armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). On appeal, Jones argues that he was denied his Fifth and Sixth Amendment rights to a fair trial when the district court excluded his alibi notice and alibi witnesses because he failed to comply with the deadline in the criminal scheduling order. After careful review, we affirm.

We review cases dealing with discovery violations under Fed.R.Crim.P. 12.1 for abuse of discretion. See United States v. Burkhalter, 735 F.2d 1327, 1329 (11th Cir. 1984). In addition to traditional discretionary review for procedural rules, we also recognize that under Taylor v. Illinois, 484 U.S. 400 (1988), a complaint about a procedural rule which limits a defendant's right to offer testimony is properly grounded in the Sixth Amendment. Horton v. Zant, 941 F.2d 1449, 1466 (11th Cir. 1991). Normally, questions of constitutional law are reviewed de novo. United States v. Douglas, 489 F.3d 1117, 1126 (11th Cir. 2007). However, when a criminal defendant claims a violation of his Fifth and Sixth Amendment right to call witnesses in his defense, we assess these claims under a two-step analysis. United States v. Hurn, 368 F.3d 1359, 1362 (11th Cir. 2004). First, we examine whether the defendant's constitutional rights have actually been violated, and then ask whether the error was "harmless beyond a reasonable doubt." Id. at 1362-63 (quotation omitted). The inquiry under the harmless error doctrine is whether there was a

"reasonable possibility" that the excluded evidence contributed to the guilty verdict. United States v. Cruz, 765 F.2d 1020, 1025 (11th Cir. 1985).

Under Rule 12.1(a), the defendant is obliged to give the government notice of an intent to offer an alibi defense within 14 days of the government's written demand for such notice. Fed.R.Crim.P. 12.1(a)(2). In addition to providing the name, address, and telephone number of each alibi witness, the defendant's alibi notice must also state each specific place where the defendant claims to have been at the time of the alleged offense. Id. If a party does not comply, then the testimony of its alibi witnesses may be excluded unless the court grants an exception for good cause. Fed.R.Crim.P. 12.1(d), (e).

The Sixth Amendment guarantees a criminal defendant the right to have "compulsory process for obtaining witnesses in his favor." U.S. Const. amend VI. Implicit in the Sixth Amendment right is the Fifth Amendment guarantee of "due process of law," which means that a criminal defendant must be afforded the opportunity to present evidence in his favor. See U.S. Const. amend V; Hurn, 368 F.3d at 1362-63. A defendant's right to a fair trial is violated when evidence is excluded that is "material in the sense of a crucial, critical, highly significant factor." Hurn, 368 F.3d at 1363 (quotation omitted). However, a criminal defendant does not have an "unfettered right" to offer testimony, and a court may constitutionally

3

preclude a defendant from offering otherwise relevant evidence if he fails to comply with procedural rules requiring that notice be given. United States v. Frazier, 387 F.3d 1244, 1271 (11th Cir. 2004) (en banc) (quotation omitted).

In this case, the district court did not abuse its discretion when it excluded Jones's alibi notice based on his failure to comply with the filing deadline, as established in the criminal scheduling order. As the record reflects, Jones filed his alibi notice more than a month after the stated deadline, and after the trial term had begun. Despite Jones's contention, the district court is not required to grant the parties a hearing or the lesser sanction of a continuance. See Fed.R.Crim.P. 12.1; Taylor, 484 U.S. at 413 (stating that alternative sanctions, such as a continuance, may be "adequate and appropriate" in most cases, but may be "less effective than the preclusion sanction"). Here, the district court concluded that Jones's untimely alibi notice did not leave the government any time to investigate the alibi claim or to interview the alibi witnesses, and in its discretion, excluded Jones's alibi notice.

In addition to being untimely, Jones's alibi notice failed to comply with the specific disclosure requirements under Fed.R.Crim.P. 12.1(a). Jones's alibi notice listed his location as simply "Buffalo, N.Y.," without indicating the specific place where Jones was when Regions Bank was being robbed. See Fed.R.Crim.P. 12.1(a)(2). Because Jones failed to comply with the rules of procedure and evidence

4

designed to assure both fairness and reliability in his criminal proceeding, <u>Frazier</u>, 387 F.3d at 1271, the district court did not abuse its discretion in excluding Jones's alibi notice.

Moreover, Jones's Fifth and Sixth Amendment rights were not violated when the district court precluded Jones from calling his alibi witnesses at trial due to his failure to disclose the witnesses pursuant to Fed.R.Crim.P. 12.1. <u>See</u> <u>Frazier</u>, 387 F.3d at 1271 (stating that a district court may constitutionally preclude an accused from presenting an alibi witness if he failed to disclose the witness under the requisite procedural rules). While the defendant has a fundamental right to offer testimony of witnesses in his favor, the invocation of this right must be weighed against countervailing public interests, such as the integrity of the adversary process. <u>Taylor</u>, 484 U.S. at 414-15. The purpose of the notice-of-alibi rules is to provide a liberal discovery system giving both parties, Jones and the government, the maximum amount of information to prepare their cases and reduce the possibility of surprise at trial. <u>See</u> <u>id.</u> at 411 n.16. Indeed, given the ease with which an alibi defense can be fabricated, the government has a legitimate interest in protecting itself against an "eleventh-hour defense." <u>Id.</u> at 412 n.17 (quotation omitted).

In this case, Jones waited until after the filing deadline passed, and after the trial term began, to give notice of his intent to present an alibi defense. At this point,

the parties had to be ready to proceed to trial on 24 hours' notice, and to allow Jones to assert his untimely alibi notice would have prevented the government from having an "ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." Id. (quotation omitted). Thus, Jones's inability to call alibi witnesses was a result of his own doing, and the district court did not err.

In any event, even if we were to conclude that the exclusion of Jones's alibi witnesses at trial violated his constitutional rights, this error was harmless beyond a reasonable doubt because there was no "reasonable possibility" that the excluded testimony contributed to his guilty verdict. Cruz, 765 F.2d at 1025. Although it is unclear exactly what each alibi witness would have testified to at trial, at a minimum, they would have stated that Jones was in Buffalo, New York, when the Regions Banks was being robbed in Florida. However, the evidence at trial -- including the consistent testimony of three bank employees and several others the first-hand witnesses' consistent testimony, an incriminating response by Jones concerning the robberies, and the close proximity of time between the robberies and Jones's presence in Florida -- showed compelling proof of Jones's presence in Florida during the dates of the bank robberies. As a result, there was no reasonable possibility that the exclusion of testimony by Jones's alibi witnesses contributed to Jones's guilty

verdict, and the district court did not err in excluding Jones's alibi notice and alibi witnesses.  Accordingly, we affirm.

**AFFIRMED.**