[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14247
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20842-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEOBALDO FUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Teobaldo Fuentes appeals his convictions for health care fraud, 18 U.S.C. § 1347; aggravated identity theft, 18 U.S.C. § 1028A; and misbranding of prescription drugs after shipment in interstate commerce, 21 U.S.C. § 331(k). During Fuentes's trial, the jury heard evidence that Fuentes practiced medicine without a physician's license, wrote prescriptions without authorization, obtained health insurance policies with Blue Cross Blue Shield of Florida, Inc. ("BCBS") by using his patients' personal information, and without their knowledge or consent, and fraudulently billed BCBS for procedures that were never performed. The government's last witness, Special Agent Maximilian Trimm, testified over objection that, in his opinion, Fuentes's clinic was not a lawful business. The district court, after initially overruling Fuentes's objection and allowing the testimony, reversed itself, sustained the objection, and instructed the jury to disregard the testimony. The jury convicted Fuentes on all counts. On appeal, Fuentes argues that the district court's admission of Special Agent Trimm's testimony constituted an incurable error, and the court's subsequent curative instruction did not cure the prejudice. After careful review, we affirm.

We review the district court's admission of evidence for abuse of discretion. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1215 (11th Cir. 2010). A trial court's prompt admonishment of the jury to disregard improper testimony can cure an error. *United States v. Gabay*, 923 F.2d 1536, 1541 (11th Cir. 1991). Strong

2

evidence of guilt, combined with a trial court's curative instructions, renders improper testimony harmless error. *Id.*; *cf. United States v. Creamer*, 721 F.2d 342, 345 (11th Cir. 1983) ("Although the prosecutor acted improperly in the instant case, it was an isolated instance which was cured by the strong, prompt cautionary instruction issued by the district judge, and by the relatively strong evidence of guilt.").

To support a conviction for health care fraud under 18 U.S.C. § 1347, the government must prove that the defendant: (1) knowingly and willfully executed, or attempted to execute, a scheme to (2) defraud a health care benefit program or to obtain by false or fraudulent pretenses money or property under the custody or control of a health care benefit program, (3) in connection with the delivery of or payment for health care benefits, items, or services. 18 U.S.C. § 1347. A conviction for aggravated identity theft under 18 U.S.C. § 1028A requires that the defendant knowingly transfer, possess, or use, without lawful authority, another person's identification while committing certain enumerated felonies, including health care fraud. *See id.* § 1028A(a)(1), (c)(4). Doing any act with respect to a drug, if the act is done while the drug is held for sale after shipment in interstate commerce, and results in such article being adulterated or misbranded, is prohibited. 21 U.S.C. § 331(k).

3

Here, even assuming that the district court erred in belatedly disallowing Special Agent Trimm's testimony, strong evidence of Fuentes's guilt, combined with the court's prompt curative instruction, rendered any error harmless.  *See Gabay*, 923 F.2d at 1541.  The jury convicted Fuentes after hearing evidence that Fuentes, *inter alia*, practiced medicine while he had no physician's license on file with the Florida Department of Health; wrote prescriptions using the names of another doctor and a medical assistant without their authorization or consent; identified himself to patients as a doctor; used his address and the addresses of family members on the BCBS applications; paid the insurance premiums through a separate family-owned business; and fraudulently billed BCBS for millions of dollars in visits, treatments, and diagnoses that did not occur.  Finally, in addition to this overwhelming evidence of guilt, the court promptly instructed the jury to disregard Special Agent Trimm's testimony.  *See United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011) ("We presume that juries follow the instructions given to them.").

Accordingly, any error in belatedly disallowing the testimony was rendered harmless, and we affirm.  *See Gabay*, 923 F.2d at 1541.

**AFFIRMED.**

4