[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12175
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20611-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVI RUBINSTEIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 19, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lavi Rubinstein appeals his convictions and 210-month sentence. A jury found Rubinstein guilty of three counts of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1), and two counts of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Rubinstein challenges various evidentiary rulings, the sufficiency of the evidence, and the reasonableness of his sentence. After a review of the record and the parties' briefs, we affirm.

This case arose from a federal investigation of a man named Robert Morris. The government found evidence that Morris exchanged child pornography with a person using the screen name Pimpstrudel and the email address [bigtata666@hotmail.com](mailto:bigtata666@hotmail.com). Further investigation identified Rubinstein as the user of the screen name and email address. Federal agents executed a search warrant at the Rubinstein residence, and they recovered a computer and DVD that contained hundreds of images and several movies depicting child pornography

I.

Rubinstein challenges multiple evidentiary rulings.

A.

First, he argues that the district court abused its discretion by admitting into evidence: (1) transcripts of online chats during which the participants exchanged child pornography and (2) a list, generated by an anti-virus program running on

2

Rubinstein's computer, of files with names suggestive of child pornography. Rubinstein asserts that this evidence was irrelevant and, even if relevant, its probative value was outweighed by the danger of unfair prejudice.

We review a district court's evidentiary rulings for a clear abuse of discretion. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence having any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. We have cautioned that Rule 403 is an "extraordinary remedy" that a district court should invoke sparingly and that "the balance should be struck in favor of admissibility." *Dodds*, 347 F.3d at 897 (internal quotation marks and alterations ommitted).

Here, the transcripts of the chats were relevant because they show that child pornography was exchanged and the sexual comments about children help establish that Rubinstein knowingly exchanged the illicit images. Additionally, the anti-virus-file list was relevant evidence because some file names on the list were suggestive of child pornography, tending to show that Rubinstein knowingly

3

possessed child pornography.  We find the probative value of the transcripts and lists is not substantially outweighed by a risk of unfair prejudice.  Therefore, the district court did not abuse its discretion when it admitted the evidence .

B.

Rubinstein argues that a list of Robert Morris's friends from the Google Hello chat program was not properly authenticated and that the district court therefore abused its discretion by admitting the list into evidence.

Evidence is properly authenticated when a party presents "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  Authentication can be accomplished by the testimony of a knowledgeable witness.  Fed. R. Evid. 901(b)(1).  Once a *prima facie* showing has been made, the evidence should be admitted and the trier of fact is permitted to make further determinations regarding weight and credibility.  *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985).  We will not disturb the district court's determination of authenticity unless there is" no competent evidence in the record to support it."  *Id.* at 1001 (internal quotation marks omitted).

Robert Morris and Special Agent Tonya Barrett both testified about how Google Hello operated and how the list was created.  This testimony was sufficient to make out a *prima facie* case that the list was authentic.  Accordingly, the district

4

court did not abuse its discretion in admitting the list into evidence.

C.

Rubinstein also alleges that the government committed prosecutorial misconduct when it made certain remarks in opening and closing statements. During its opening statement, the government said, "This is a case about children being molested." The district court sustained Rubinstein's objection to the comment and issued a curative instruction reminding the jury that the case was actually about transporting and possessing child pornography. Rubinstein also argues that in closing arguments the government improperly referenced the chat transcripts, the anti-virus-file list, and the Google-Hello-friend list.

We review claims of prosecutorial misconduct during opening statements or closing arguments *de novo*. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Prosecutorial misconduct is a basis for reversing a conviction only when the remarks made by the government are improper and the remarks prejudicially affect the substantial rights of the defendant. *Id.* "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.* In order to assess the prejudicial impact of the comments, we "evaluate them in the context of the trial as a whole and assess their probable impact on the jury."

5

*United States v. Hernandez*, 145 F.3d 1433, 1438 (11th Cir. 1998).  The giving of a curative instruction by the district court may render a prejudicial remark made by the government prosecutor harmless.  *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997).

Rubinstein has not shown how the remark in opening statements prejudicially impacted his substantial rights.  The brief remark was made at the beginning of a lengthy trial and accompanied by a curative instruction.  When viewed in light of the substantial evidence presented against Rubinstein, there is no reasonable probability that it altered the outcome of the trial.  *See Hernandez*, 145 F.3d at 1438–39; *Bailey*, 123 F.3d at 1400.

Nor did the government commit misconduct by referring to the chat transcripts or the lists in its closing argument and rebuttal.  There was no abuse of discretion in the district court's admission of this evidence, and it was therefore proper for the government to refer to it at the close of the case.

## D.

Rubinstein argues that in violation of Rule 16 of the Federal Rules of Criminal Procedure, the government failed to timely disclose evidence.  The district court continued the trial by several months when shortly before trial the government disclosed a DVD that was the basis for Count 5 of the indictment.

6

Then, nearly a month before the new trial date, the government produced Yahoo! and MySpace records related to Rubinstein's internet usage and cloned hard drives that were created for use in a demonstrative exhibit. As a sanction for late disclosures, Rubinstein asserts that the district court should have excluded the evidence from trial.

We review claims of discovery violations under Federal Rule of Criminal Procedure 16 for abuse of discretion. *United States v. Burkhalter*, 735 F.2d 1327, 1329 (11th Cir. 1984) (per curiam). Rule 16 requires that the government permit the defendant, upon request, to inspect any papers, documents, or tangible objects that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the government in its case in chief, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). The government has a continuing duty to disclose newly discovered evidence. *See* Fed. R. Crim. P. 16(c). We have held that while the government may not leave evidence in the hands of another to avoid disclosure, if the evidence is not in the government's possession, custody, or control, then it is not subject to discovery. *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997).

If there is a violation of Rule 16, "the district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its

discovery orders." *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989).

In determining a sanction, the district court should consider the "reasons for the

delay in complying with the discovery order, whether there was any bad faith on

the part of the prosecution, prejudice to the defendant, and the availability of a

means to cure the prejudice, including continuances and recesses." *Id.*

Additionally, we will not vacate a conviction based on a discovery violation unless

the appellant can demonstrate that the violation prejudiced his substantial rights.

*United States v. Rivera*, 944 F.2d 1563, 1566 (11th Cir. 1991). Substantial

prejudice exists if the defendant "was unduly surprised and did not have an

adequate opportunity to prepare a defense or [ ] the mistake had a substantial

influence on the jury." *Id.*

The district court did not abuse its discretion in admitting the evidence that

Rubinstein alleges was not timely disclosed to him. The government's delay in

disclosing the DVD to Rubinstein led to the district court granting a continuance

so that Rubinstein and his expert could properly examine the DVD. Rubinstein

has not shown why a continuance was an inadequate remedy for the government's

violation, or how the district court's failure to exclude the DVD prejudiced his

substantial rights such that his convictions should be overturned. *Rivera*, 944 F.2d

at 1566. Furthermore, the district court did not abuse its discretion in determining

8

that there was no discovery violation regarding the cloned hard drives. The cloned hard drives were created close in time to the trial date and disclosed promptly to Rubinstein. There was no Rule 16 violation by the government because evidence that is not in the government's custody or control is not subject to discovery. *Brazel*, 102 F.3d at 1150.

Even if late disclosure of the Yahoo! and MySpace records violated Rule 16, exclusion of the evidence was not warranted. The district court concluded that delayed disclosure was not done in bad faith, and Rubinstein had nearly a month before trial to inspect the documents. Aside from conclusory allegations of prejudice, Rubinstein has not shown that the untimely disclosure of these records prejudiced his substantial rights.

E.

In reference to the errors alleged above, Rubinstein argues that their cumulative effect denied him a fair trial and necessitates the reversal of his convictions.

"The cumulative error doctrine provides that an aggregation of non-reversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation omitted). The total effect of the errors depends on

factors including "the nature and number of the errors committed; their interrelationship, if any, and combined effect; how the district court dealt with the errors as they arose . . . ; the strength of the government's case, and the length of trial." *Id.* (internal quotation marks and alterations omitted).

Here, the district court did not make multiple harmless errors; therefore, there was no cumulative error.

III.

Rubinstein also argues that the evidence presented by the government at trial was insufficient to support his convictions. Specifically, he argues the government relied on circumstantial evidence and failed to establish that he was the person who distributed and possessed child pornography on the computer and DVD.

We review the sufficiency of the evidence to support a criminal conviction *de novo*. *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001). In reviewing whether the government produced sufficient evidence to obtain a conviction, we "review the evidence in the light most favorable to the government and draw all reasonable factual inferences in favor of the jury's verdict." *Smith v. United States*, 459 F.3d 1226, 1286 (internal quotation marks omitted). "We cannot disturb the verdict unless no trier of fact could have found guilt beyond a

10

reasonable doubt." *United States v. Yost*, 479 F.3d 815, 818–19 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). Circumstantial evidence may be used to establish an element of a crime, even if the jury could make other reasonable inferences from the circumstantial evidence. *United States v. Utter*, 97 F.3d 509, 512 (11th Cir. 1996). In judging the sufficiency of the evidence the same standard applies whether the evidence is direct or circumstantial. *Id.*

A review of the trial transcript shows that the government presented substantial evidence to prove its case. Testimony of several witnesses, internet records, and forensic analysis suggest Rubinstein knowlingly possessed and transferred child pornography using the screen name Pimpstrudel and the email address Bigtata666@hotmail.com. Additionally, federal agents found in Rubinstein's room a computer and DVD that contained large quantities of child pornography. Viewing the evidence in the light most favorable to the jury's guilty verdicts, we conclude that the government presented sufficient evidence from which the jury could find Rubinstein guilty beyond a reasonable doubt on all five counts of the indictment. *Smith*, 459 F.3d at 1286.

III.

Finally, Rubinstein argues that his 210-month sentence is substantively unreasonable because it is based on a flawed sentencing guideline, U.S.

11

Sentencing Guidelines Manual § 2G2.2, that lacks empirical support. Rubinstein also argues that the district court failed to give appropriate consideration to the 18 U.S.C. § 3553(a) sentencing factors.

In the district court Rubinstein did not argue that § 2G2.2 lacked empirical data, so we review his claim for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). We also review Rubinstein's sentence for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

We consider the totality of the circumstances when reviewing a sentence for substantive reasonableness. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). The sentence imposed must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing outlined in § 3553(a)(2). 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is within "the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks and alterations omitted).

Rubinstein has not carried his burden of demonstrating that his sentence

was substantively unreasonable. His argument regarding the lack of empirical support for § 2G2.2 of the U.S. Sentencing Guidelines is foreclosed by our precedent. *See Pugh*, 515 F.3d at 1201 n.15. We are aware of no precedent that supports his argument that a sentence is unreasonable when it is based on § 2G2.2 of the U.S. Sentencing Guidelines. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (noting that an error is not plain when there is no controlling precedent identifying the issue as an error).

Finally, the record reflects that in considering the § 3553(a) factors, the district court acted within its discretionary authority to give more weight to the seriousness of Rubinstein's crimes and the need for deterrence. *See Amedeo*, 487 F.3d at 832. Under the facts of the case, we cannot say that the sentence stands outside the range of reasonable sentences. *See Pugh*, 515 F.3d at 1191. Accordingly, under the § 3553(a) factors and the totality of the circumstances in this case, the district court did not abuse its discretion in sentencing Rubinstein to a total sentence of 210 months imprisonment.

In light of the foregoing, we affirm Rubinstein's convictions and 210-month total sentence.

**AFFIRMED**.